## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RAUL RAMIREZ AND ELMA RAMIREZ ) | Chapter 13 |
| ) | Case No. 18-21295 |
| ) | Honorable A. Benjamin Goldgar |

### BYLINE BANK'S MOTION
### FOR AN ORDER MODIFYING THE AUTOMATIC STAY

Now comes, Byline Bank f/k/a NORTH COMMUNITY BANK, successor by merger to Metropolitan Bank and Trust Company ("Byline"), a secured creditor of Raul Ramirez and Elma Ramirez (collectively, "Debtors"), pursuant to Section 362(d) of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, and moves this Court for an entry of an order modifying the automatic stay to allow Byline to exercise its contractual and state law rights with respect to the real property in which Byline has a secured interest. In support of its motion, Byline states as follows:

### PARTIES and JURISDICTION

1.  Debtors are individuals who filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

2.  Byline is an Illinois bank corporation doing business in Chicago, Illinois.

3.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

5.  A voluntary petition was filed by Debtors under Chapter 13 of the United States Bankruptcy Code on July 30, 2018 (the "Petition Date").

1

6. Prior to the Petition Date, the Debtors borrowed the principle amount of $151,394.08 (the "Loan") from Byline pursuant to a Note dated November 16, 2011, as modified by the Change in Terms Agreement dated May 16, 2012, and the Business Loan Agreement. True and correct copies of the November 16, 2011 Note and the May 16, 2012 Change in Terms Agreement are attached hereto as **Exhibit A**. A true and correct copy of the Business Loan Agreement is attached hereto as **Exhibit B**.

7. The Loan is secured by a commercial Mortgage on the real property located at 5108 W. Fullerton, Chicago, IL 60639 (the "Property") and by an Assignment of Rents granting to Byline a continuing security interest in the rents (the "Rents") from the Property. (Collectively, the Property and the Rents shall be referred to as the "Collateral.") A true and correct copy of the Mortgage, including all Modifications of Mortgage, is attached hereto as **Exhibit C**. A true and correct copy of the Assignment of Rents is attached hereto as **Exhibit D**.

8. The Property is a mixed commercial/residential building. The Debtors occupy one unit of the Property, and rent another unit to a commercial tenant, SHEILA GOICOCHEA d/b/a EL HUARACHE DE MARIA.

9. The Loan matured on May 16, 2017, at which time all unpaid principal and interest became due. (Exhibit A.)

10. The Debtors failed to pay the sums due and owing under the Loan at maturity on May 16, 2017. Accordingly, the Debtors are in default.

11. The Debtors have not made any payments for 16 months, since default.

12. As of July 30, 2018, the indebtedness remained outstanding and continues to accrue, including unpaid principal of the borrowed amount, plus interest, late fees, attorneys' fees, and costs and expenses, as follows:

| | | | |
|---|---|---|---|
| a. | Date of Default: May 16, 2017 | | |
| b. | Current Unpaid Principal Balance: | $ | 113,648.56 |
| c. | Interest through 07/30/2018: | $ | 9,519.76 |
| d. | Late Fees Due as of 07/30/2018: | $ | 9,162.94 |
| g. | Escrow Balance: | $ | (1,965.38) |
| h. | Total Amount Due as of 07/30/18: (Excluding litigation-related attorneys' fees, costs and expenses, and default interest): | $ | 130,365.88 |
| i. | Regular interest, exclusive of default interest, accrues at the rate of $18.94 per day for every day after 07/30/2018. | | |
| j. | Default interest accrues at the rate of 5% per annum, to the extent allowable under applicable law, for every day after 05/16/2017. | | |

13. Byline's Mortgage and Assignment of Rents were properly recorded as follows:

   a. Mortgage
      i. Date of Recording: July 27, 2001
      ii. Place of Recording: Recorder of Deeds of Cook County, Illinois
      iii. Identification of Recording: Document No. 0010676515
   b. Assignment of Rent
      i. Date of Recording: July 27, 2001
      ii. Place of Recording: Recorder of Deeds of Cook County, Illinois
      iii. Identification of Recording: Document No. 0010676516
   c. Modification of Mortgage
      i. Date of Recording: May 16, 2002
      ii. Place of Recording: Recorder of Deeds of Cook County, Illinois
      iii. Identification of Recording: Document No. 0020738201
   d. Modification of Mortgage
      i. Date of Recording: May 9, 2006
      ii. Place of Recording: Recorder of Deeds of Cook County, Illinois
      iii. Identification of Recording: Document No. 0614633188
   e. Modification of Mortgage
      i. Date of Recording: August 15, 2007
      ii. Place of Recording: Recorder of Deeds of Cook County, Illinois
      iii. Identification of Recording: Document No. 0725354057

14. On July 30, 2018, Debtors filed their Voluntary Petition for Chapter 13 Bankruptcy (the "Petition"), identifying Byline as a secured creditor with a claim in the amount of $140,000.00. [DE 1, Schedule D]

15. Pursuant to the Petition, Byline's claim is supported by collateral valued at $270,000.00. [DE 1, Schedule D]

16. On July 30, 2018, Debtors also filed their Chapter 13 Plan (the "Plan"), which purports to maintain the Debtors' payments to Byline and cure their default by payment of a $20,000.00 "arrearage," at zero percent interest, in monthly installments of $338.00 until October 2020, then increasing to $513.00 per month for the remaining life of the Plan. [DE 6, Parts 3.1 and 8.1; DE 1, p 75]

17. On September 12, 2018, the Debtors filed their Amended Chapter 13 Plan (the "Amended Plan") which continues to list the "amount of arrearage" as $20,000.00, rather than the $130,365.88 total debt in default, and which indicates that Debtors will make payments of $338.00 per month on the $20,000.00 "arrearage." [DE 14, Part 3.1]

18. The remaining debt in default does not appear to be addressed by the Amended Plan. [DE 14, Part 3.1]

## RELIEF FROM THE AUTOMATIC STAY

19. The Amended Plan does not provide for the surrender of collateral. [DE 14, Part 3.5]

20. The Amended Plan does not provide for payment of insurance or taxes associated with the Property. [DE 14]

21. The Amended Plan does not provide for payment or curing of the total debt and arrearage owed to Byline. The Loan matured on May 16, 2017, and the entire balance of the loan is due and owed to Byline, which is $130, 365.88 as of July 30, 2018, not merely a $20,000 arrearage.

22. The Amended Plan does not provide for the payment of interest on the Loan, which Debtors' acknowledge is oversecured. [DE 14]

23. By failing to require the Debtors to maintain insurance, by failing to account for the payment of insurance premiums and real estate taxes, and by failing to adequately service the outstanding debt owed, the Amended Plan fails to adequately protect Byline's interest in the Property.

24. In light of the foregoing, Byline is entitled to an order modifying the automatic stay pursuant to U.S.C. § 362 (d)(1) to allow Byline to enforce its rights against the Collateral.

WHEREFORE, BYLINE BANK/k/a NORTH COMMUNITY BANK, successor by merger to Metropolitan Bank and Trust Company, a secured creditor of Raul Ramirez and Elma Ramirez, respectfully requests that this Court enter an order:

a. Granting Byline relief from the automatic stay, to permit Byline to exercise its rights and remedies under applicable non-bankruptcy law, against the Collateral; and

b. Granting such other relief in favor of Byline as this Court deems just.

BYLINE BANK, /k/a NORTH COMMUNITY BANK, successor by merger to Metropolitan Bank and Trust Company

By: /s/ Teresa A. Minnich

Diana H. Psarras (6283780)
Teresa A. Minnich (6299526)
Robbins Salomon & Patt, Ltd.
180 N. LaSalle St., Ste. 3300
Chicago, IL 60601
P: (312) 782-9000
E: dpsarras@rsplaw.com
   tminnich@rsplaw.com